UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Debtor

Case No. _____

☐ Amended

**NOTICE OF MOTION AND MOTION TO BUY, SELL, OR ENCUMBER INTEREST IN PROPERTY IN A CHAPTER 13 CASE**

**NOTICE**

1. YOU ARE NOTIFIED that the motion below was filed by _____ _____ [*enter name of movant*], who is _____ [*enter role in case*] in the case, to [*check all that apply*]:

    ☐ Buy property

    ☐ Sell property

    ☐ Encumber property (including refinance of property and loan modification)

2. If you wish to object to the motion, you must, within 21 days after the service date in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401 a written objection stating the specific facts upon which the objection is based, and include a certificate of service of the objection on the movant.

3. **Failure to Object**. If you fail to file a timely objection, then the court may sign an order without further notice, submitted by the moving party on Local Bankruptcy Form 1301.5, granting the relief requested in the motion.

4. This document constitutes the notice required by Local Bankruptcy Rule 2002-1.

5. I certify that on _____ this document was:

    a. served under Federal Rule of Bankruptcy Procedures (FRBP) 7004, on the debtor, chapter 13 trustee, U.S. trustee, each holder of liens or encumbrances on the property, and their attorneys; and

    b. was sent, pursuant to FRBP 2002(a), to all creditors and all parties as listed in the court's records that were obtained on _____, a copy of which is attached to the document filed with the court.

6. For further information, contact [*enter name and contact information of movant's attorney, or, if no movant's attorney, movant*]:

_____    _____
Date                Signature & Relation to Movant

_____
Movant's Address and, if movant is debtor, last 4 Digits of Taxpayer ID#

_____

**MOTION**

**Information About the Property**

[*Movant must complete this entire section*]

1. **Description of the Property** [*for example, real property address; car model, year, and VIN; or manufacturer and serial number*]:

   Is the property the debtor's primary residence?    Yes    No

   Additional property description attached?    Yes    No

2. **Description of Existing Liens and Encumbrances on the Property, Listed in Priority Order** [*for property debtor is purchasing, do not include liens and encumbrances of the existing owner that will be satisfied at the closing of the purchase*]:

| Name of Holder | Approximate Amount | Interest Rate | Maturity Date | Proposed Treatment (fully paid, partially paid, or not paid) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Additional information on existing liens and encumbrances attached?    Yes    No

**1301 (12/1/2023)**                    Page 2 of 6

**Relief Requested**

[*Movant must complete each applicable part of this section; inapplicable parts of this section may be left blank.*]

3. **Motion to Approve Purchase of Property.** Debtor hereby moves for the authority to purchase the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

    Name of seller:

    Relationship of seller to debtor:

    Purchase price: $

    Anticipated closing date:

    Other relevant terms of purchase:


    Source of funds for purchase:


4. **Motion to Approve Sale of Property.** Debtor hereby moves for the authority to sell the property described in paragraph 1 of this motion. In support of this motion, debtor provides the following information--

    Name of buyer:

    Relationship of buyer to debtor:

    Sale price: $

    Anticipated closing date:

    Other relevant terms of sale:

    Anticipated net proceeds:


    Disposition of anticipated net proceeds (other than payment of liens and encumbrances described in paragraph 2 of this motion):

5. **Motion to Approve Encumbrance of Property** (including refinance of property and loan modification).  Movant hereby moves for the authority for debtor to encumber the property described in paragraph 1 of this motion.  In support of this motion, movant provides the following information—

   Encumbrance type:    New Loan    Refinance    Loan Modification

   Name of lender:

   Relationship of lender to debtor:

   Principal amount of loan: $

   Interest rate:

   Loan term/maturity date:

   Payment amount and terms [*for example, monthly, interest only with balloon or fully amortizing, payable only after prior debt*]:

   Closing costs:

   Lien position [*senior lien, second position lien, etc.*]:

   Amount of cash debtor will receive from refinance:    $0    $

   Use of any cash debtor receives:

   If this is a refinance or loan modification, explain how the new terms compare with the prior terms:

## Points and Authorities

[*Movant must complete this entire section*]

6. **Basis for Relief.**  Movant asserts that the court should grant the relief requested because:




7. **Chapter 13 Trustee Position on this Motion.** Movant or movant's counsel has conferred with the chapter 13 trustee, and the trustee:

    ☐ Consents to this motion

    ☐ Opposes this motion

    ☐ Takes no position on this motion

    ☐ Other:




8. **Plan**

    a. Does the chapter 13 plan contemplate the relief requested herein?    ☐ Yes    ☐ No

    b. Effect of Requested Relief on Plan or Plan Payments.  Check all that apply:

    ☐ Satisfies an arrearage or other secured debt being paid in the plan.

    ☐ Movant anticipates debtor will have   ☐ an increased   ☐ a reduced housing expense of $_____ compared to the amount listed in the most recently filed Schedule J.

    ☐ Net proceeds will be used to complete debtor's obligations under the plan.

    ☐ Net proceeds will be used to pay all creditors in full.

    ☐ Other:

9. **Exhibits**

In support of this motion, movant hereby attaches the following exhibits [*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*]:

None

Exhibits:

| Exhibit Number [*for example, Exhibit B*] | Exhibit Description [*for example, purchase and sale agreement, note, deed of trust, preliminary title report, estimated closing statement*] |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

10. **Declarations**

In support of this motion, movant hereby attaches the following declarations:

None

Declarant names:

_____  _____
Date         Signature & Relation to Movant

             _____
             Movant's Address and, if Movant is Debtor, last 4 Digits of Taxpayer ID#

             _____

**After Recording Return To:**
**Rushmore Servicing**
**800 State Hwy 121 Bypass**
**Lewisville, TX 75067**

**This Document Prepared By:**

_____

**Rushmore Servicing**
**8950 Cypress Waters Blvd**
**Coppell, TX 75019**

Until a change is requested all
tax statements shall be sent to
the following address.
**Nationstar Mortgage LLC**
**8950 Cypress Waters Blvd**
**Coppell, TX 75019**

**True and Actual Consideration is: $594,086.89**

_____ [Space Above This Line For Recording Data] _____

Original Loan Amount: **$422,000.00**                                                                 Loan No: ████6227

# LOAN MODIFICATION AGREEMENT
## (Providing for Principal Forgiveness)

    This Loan Modification Agreement ("Agreement"), made this **9th** day of **August, 2024**, between **KIMBERLY ROLES HEINTZ** ("Borrower") and **Nationstar Mortgage LLC**, whose address is **8950 Cypress Waters Blvd, Coppell, TX 75019** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated _____, _____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**, of the Official Records of **N/A** County, **OR** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at **5850 GREENSTONE CT SE, SALEM, OR 97306**, the real property described being set forth as follows:

    In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **August 1, 2024**, the amount payable under the Note and the Security Instrument (the "New Principal Balance") is U.S. **$594,086.89**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.


LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14



(page 1 of 4)

2. **$94,086.89** of the New Principal Balance shall be permanently forgiven (the "Forgiveness Amount"). The New Principal Balance less the Forgiveness Amount shall be referred to as the "Interest Bearing Principal Balance". The Interest Bearing Principal Balance is **$500,000.00**. Borrower promises to pay the Interest Bearing Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Interest Bearing Principal Balance at the yearly rate of **4.25%**.

3. Borrower promises to make monthly payments of principal and interest of U.S. **$2,487.46** beginning on **9/1/2024** and continuing thereafter on the first day of each succeeding month until principal and interest are paid in full. The yearly rate of **4.25%** will remain in effect until principal and interest are paid in full. If on **12/1/2053**, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

4. The new Maturity Date will be **December 1, 2053**.

5. Interest at the rate of **4.250%** will begin to accrue on the Interest Bearing Principal Balance as of **August 1, 2024** and the first new monthly payment on the Interest Bearing Principal Balance will be due on **September 1, 2024**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-30 | 4.250% | August 01, 2024 | $2,487.46 | $934.60 May adjust periodically | $3,422.06 May adjust periodically | September 01, 2024 | 352 |

*Chart reflects amounts of principal and interest owed and initial monthly escrow payment amount. Future total monthly payments may adjust due to fluctuation in escrow payment obligations, advances or arrearages.

6. Borrower agrees to pay in full the Interest Bearing Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date Borrower sells or transfers an interest in the Property, (ii) the date Borrower pays the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date, or (iv) default under the terms of the modified note or security instrument.

7. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall



LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14

(page 2 of 4)

provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

8. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

9. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c) In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

    (d) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

    (e) If permitted by applicable law, all costs and expenses incurred by Lender in connection with this Agreement, including recording fees and taxes, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

    (f) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

    (g) That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the

LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14

(page 3 of 4)

(h)    correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original loan documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification.

(h)    In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in connection with any such action(s).

(i)    Borrower understands that the mortgage insurance premiums on the Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which the borrower may request cancellation of mortgage insurance may change as a result of the Interest Bearing Principal Balance.

In Witness Whereof, the Lender and I have executed this Agreement.

_____  Date: 8/19/2024
KIMBERLY ROLES HEINTZ  -Borrower

**Nationstar Mortgage LLC**

By: _____ (Seal) - Lender
Name: _____
Title: **Assistant Secretary**

_____ Date of Lender's Signature


LOAN MODIFICATION AGREEMENT - NSPrinDef
9394 11/14



(page 4 of 4)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0979-6<br>Case 22-61663-tmr13<br>District of Oregon<br>Eugene<br>Fri Sep  6 17:32:05 PDT 2024 | US Dept of Education<br>120 N Seven Oaks Drive<br>Knoxville, TN 37922-2359 | 405 E 8th Ave #2600<br>Eugene, OR 97401-2725 |
| Aldridge Pite, LLP<br>Fifteen Piedmont Center<br>3575 Piedmont Road, N.E. #500<br>Atlanta, GA 30305-1636 | Bridgecrest Acceptance Corp<br>7300 East Hampton Avenue, #100<br>#100<br>Mesa, AZ 85209-3324 | Bridgecrest Acceptance Corp<br>POB 29018<br>Phoenix, AZ 85038-9018 |
| Carvana, LLC / Bridgecrest c/o AIS Portfolio<br>4515 N. Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Discover Financial<br>Attn: Bankruptcy<br>POB 3025<br>New Albany, OH 43054-3025 |
| Discover Financial<br>POB 30939<br>Salt Lake City, UT 84130-0939 | EdFinancial On Behalf Of US Dept Of Ed.<br>120 N. Seven Oaks Drive<br>Knoxville, TN 37922-2359 | Federal Loan Servicing<br>PO Box 60610<br>Harrisburg, PA 17106-0610 |
| Federal Loan Servicing<br>POB 69184<br>Harrisburg, PA 17106-9184 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>Bankruptcy Notices<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| ODR Bkcy<br>955 Center St NE<br>Salem OR 97301-2553 | Oregon Department Of Revenue<br>Bankruptcy Notice Dept.<br>955 Center Street,  NE<br>Salem, OR 97301-2553 | Rushmore Loan Management Services<br>c/o Corporation Service Company, RA<br>1127 Broadway Street NE, #310<br>Salem, OR 97301-1123 |
| Rushmore Loan Management Services, LLC<br>15480 Laguna Canyon Rd., #100<br>Irvine, CA 92618-2132 | Rushmore Loan Management Services, LLC<br>Bankruptcy Notices<br>1755 Wittington Place, Suite 400<br>Dallas, TX 75234-1928 | U.S. Bank National Association<br>C/O Rushmore Loan Management Services<br>P.O. Box 55004<br>Irvine CA 92619-5004 |
| U.S. Bank National Association<br>c/o Rushmore Servicing<br>PO Box 619096<br>Dallas, TX 75261-9096 | US Trustee, Eugene<br>405 E 8th Ave #1100<br>Eugene, OR 97401-2728 | Kimberly Raquel Roles-Heintz<br>5850 Greenstone Court SE<br>Salem, OR 97306-6913 |
| MICHAEL D O'BRIEN<br>Michael D O'Brien & Associates PC<br>12909 SW 68th Parkway, Suite 160<br>Portland, OR 97223-8399 | Naliko Markel<br>Office of the Standing Chapter 13 Truste<br>400 E. 2nd Ave<br>Ste 200<br>Eugene, OR 97401-2438 | |

                 The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                 by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).